Opinion filed August 31, 2006


















 
 
  
 
 







 
 
  
 
 




 

 

Opinion filed August 31, 2006

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00091-CR 

 

                                                    __________

 

                             RAYMUNDO ALBARADO, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo Pinto County, Texas

 

                                                   Trial
Court Cause No. 12,595

 



 

                                                                   O
P I N I O N

 

The jury convicted Raymundo Albarado, Jr. of the
offense of driving while intoxicated with a child passenger.  Tex.
Pen. Code Ann. '
49.045 (Vernon
Supp. 2006).  The trial court assessed
punishment at confinement in a state jail facility for twenty months and a fine
of $2,500, but the court suspended the imposition of confinement and placed
appellant on community supervision for five years.  We affirm. 









                                                                         Issues

Appellant has briefed two points of error and a
supplemental contention for our review. 
In the first and second points of error, appellant argues that his due
process rights were violated by the State=s
failure to preserve and disclose potentially favorable evidence that was
material to his defense B
i.e., the videotape showing appellant=s
stop, field sobriety tests, and arrest. 
In his second point, appellant argues that his due process rights were
violated by the trial court=s
erroneous denial of his motion to dismiss and its refusal to give a jury
instruction regarding the presumption of innocence as it related to the
unavailable videotape.  In his
supplemental argument, appellant asserts that the current law under Ex parte
Richardson,
70 S.W.3d 865 (Tex. Crim. App. 2002), should be changed because it falls short
of ensuring that due process is carried out. 


                                                               Background
Facts

The record shows that Trooper James P. Lattimore
was on patrol on August 22, 2004, when he stopped appellant for speeding.  Appellant=s
four-year-old son was a passenger in the vehicle.  Trooper Lattimore smelled the odor of an
alcoholic beverage in appellant=s
vehicle and on his breath and noticed that appellant=s
eyes were glossy and bloodshot. 
According to the trooper, appellant=s
face was pink and his motions were slow. 
Trooper Lattimore had appellant perform standardized field sobriety
tests:  the horizontal gaze nystagmus,
the nine step walk-and-turn, and the one-leg lift. Trooper Lattimore also
conducted a breath test using a portable device at the scene.  Based upon his performance on these tests,
appellant was arrested for driving while intoxicated.  Appellant refused to give an intoxilyzer
breath specimen.  At trial, Trooper
Lattimore described appellant=s
performance on the standardized field sobriety tests and testified that, in his
opinion, appellant did not have the normal use of his mental and physical
faculties.

The record shows that Trooper Lattimore=s vehicle was equipped with a videotape
machine that came on when he initiated the stop by turning on his emergency
lights.  The videotape that recorded
appellant was inadvertently placed back into circulation.  Trooper Lattimore testified that, at the time
of appellant=s arrest,
he had recently transferred from another county and was unfamiliar with the
procedure used in Palo
 Pinto County
for marking a videotape to be preserved for trial rather than
re-circulated.  The videotape was not
provided to appellant and was not available for trial.  








                                  Available
Exculpatory Evidence or Destroyed Evidence

Under his first point of error, appellant
correctly states the law with respect to due process under Brady[1]
and its progeny requiring the State to disclose material evidence, whether
impeaching or exculpatory, that is favorable to the accused.  See, e.g., Strickler v. Greene, 527
U.S. 263 (1999); Wyatt v. State, 23 S.W.3d 18, 26-27 (Tex. Crim. App.
2000).  The State=s
good or bad faith is irrelevant in a Brady analysis.  Brady, 373 U.S. at 87.  Appellant=s
reliance upon Brady and its progeny is mistaken because the videotape,
which may or may not have been exculpatory, had been destroyed and was no
longer in the State=s
possession.  When the State fails to
preserve potentially useful evidence for trial, a standard different from Brady
applies.  

Although the State has a duty to preserve evidence
that might be expected to play a significant role in an accused=s defense, the failure to preserve such
evidence does not violate the accused=s
right to due process unless the State acts in bad faith.  Arizona v. Youngblood, 488 U.S. 51, 58 (1988); see also California v. Trombetta, 467 U.S. 479,
488-89 (1984).  Appellant has not shown
any bad faith on the part of the State in this case.  The only evidence regarding the
re-circulation of the videotape was that the State=s
act was inadvertent.  Trooper Lattimore
marked the videotape to be preserved as he had done previously and was not
aware that Palo Pinto County
employed a different procedure. 
Consequently, the record does not support appellant=s contention that his rights to due
process were violated.  The first point
of error is overruled.  

                                                                 Jury
Instruction

In his second point of error, appellant contends
that his due process rights were violated by the trial court=s refusal to charge the jury regarding
the presumption of innocence as it related to the videotape.  Appellant asked that the jury be instructed
to Apresume that said video tape, had it
been properly preserved and admitted into evidence, would have favorably
supported the presumption that Defendant is innocent.@  Appellant cites no authority requiring such
an instruction.  








While we agree with appellant=s assertion that he was entitled to a
fair trial, to due process pursuant to the Fourteenth Amendment, and to the
presumption of innocence, we do not agree that he was entitled to the requested
instruction.  The record shows that the
jury was properly instructed that A[a]ll
persons are presumed to be innocent@;
that, in order to convict any person of a crime, each element of the offense
must be proved beyond a reasonable doubt; and that a defendant need not prove
his innocence or produce any evidence at all. 
The instruction continued, AThe
presumption of innocence alone is sufficient to acquit the defendant.@ 
We find no error in the jury charge and hold that the trial court did
not violate appellant=s
rights by refusing to give the additional requested instruction.  Appellant=s
second point of error is overruled.  

In his final contention, appellant asserts that
the three-pronged Richardson
test needs to be amended because it requires a showing that the withheld
evidence be favorable to the accused and that it be material.  See Richardson,
70 S.W.3d at 870.  First, we note that Richardson
involved a Brady situation where the evidence was available but was not
disclosed.  Second, as an intermediate
appellate court, we are bound to follow the law as declared by our superior
courts.  We will not amend the
three-pronged test set out by the Supreme Court and the Texas Court of Criminal
Appeals.  Appellant=s supplemental contention is
overruled.  

The judgment of the trial court is affirmed.  

 

TERRY McCALL

JUSTICE

 

August 31, 2006 

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Brady v. Maryland, 373 U.S.
83 (1963).